ALUMINUM GOODS MANUFACTURING COMPANY, Appellant, vs. WISCONSIN EMPLOYMENT RELATIONS BOARD, Respondent. [Two cases.]

*December 9, 1955—January 10, 1956.*

For the appellant there was a brief by *Clark, Rankin & Nash,* and oral argument by *John M. Spindler,* all of Manitowoc.

For the respondent there was a brief by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

GEHL, J.    The sole question presented upon this appeal is whether the evidence supports the board's finding that the union's request for arbitration of the transfer grievance was made within the time limited by the contract. If the letter of July 20, 1954, is to be construed as stating the employer's "final decision," the thirty-day period began to run on that date and the union's request for arbitration made on August 25, 1954, came too late. The trial court held that it is not to be so construed. We agree.

Nowhere in the letter do we find an assertion that the employer considers the matter closed. The writer complains of the refusal of the union's grievance committee to divulge to the subordinate representatives of the employer, with whom prior negotiations had been had, certain information relative to the grievance, and urges that the union's committee furnish them with such information "so that Mr. Wentorf [the employer's representative who had conducted the second step of the proceeding had under the terms of the contract] can render a determination based on all the information relative to this grievance." We construe the letter as an invitation to reconsider and renegotiate the grievance

so that it might be "thoroughly discussed and disposed of, if possible, at the lowest level."

The employer cites a number of authorities to the proposition that time limitations contained in the collective-bargaining agreements are to be strictly enforced. There is no quarrel with their statement of the rule. The difficulty is that there is no occasion for its application until it has been established that the time within which action is to be taken has begun to run. The same is to be said with respect to the employer's contention that it had consistently insisted that each of the parties observe the time limitations prescribed in the contract, and that the members of the union were aware of its policy.

*By the Court.*—Judgments affirmed.